# CASES ARGUED AND DETERMINED IN THE COURT OF CLAIMS OF THE STATE OF ILLINOIS

(No. 95—Claimant awarded $289.30)

THE IMPORTERS & EXPORTERS INSURANCE COMPANY OF NEW YORK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 18, 1923.*

PRIVILEGE TAX—*mistake of fact—when refund may be made.* Where the tax is paid and through an oversight claimant failed to make proper deductions or procure proper credits it is entitled to a refund of the amount of the tax over paid.

THE IMPORTERS & EXPORTERS INSURANCE COMPANY OF NEW YORK, for claimant.

EDWARD J. BRUNDAGE, Attorney General; FLOYD E. BRITTON, Assistant Attorney General, for respondent.

MR. JUSTICE PHILLIPS delivered the opinion of the court:

The claimant, Importers & Exporters Insurance Company of New York, doing business in this State, filed with the Department of Trade and Commerce its annual report of premiums collected in this State during the calendar year 1920, as provided by statute.

Pursuant to this report, the Department of Trade and Commerce assessed a privilege tax of $289.30 and allowed no deduction therefrom on account of "Fire Department Taxes" paid in 1920 in Chicago, to-wit: $804.52. The claimant was entitled in law to have the deduction of the $289.30, but neglected to take credit for that sum as it might have done.

It therefore claims that the failure to deduct the same was a mistake of fact and that it is entitled to refund of the $289.30 Privilege Tax so overpaid.

The tax receipt from the City of Chicago dated June 21, 1920, for the taxes imposed under the city ordinance then in force, to-wit: $804.52, is submitted in evidence with other evi-

dence supporting the contention and declaration of claimant. There is no dispute as to claimant's right to have had or to have taken credit for the said Privilege Tax at proper time, and no dispute as to the sufficiency of the evidence of the facts; but the defendant insists that said tax was voluntarily paid without protest and that claimant is therefore not entitled to refund of the $289.30, and cites numerous authorities in support thereof.

The claimant contends that by oversight it neglected, as a matter of fact, to procure a proper credit for the said Privilege Tax, as it might under the law have done, and that in consequence thereof it is entitled to a refund as aforesaid.

The claimant cites a case in point in support of its contention, the case of *The Firemen's Insurance Company* v. *State,* 2 Court of Claims, page 220, wherein the court in a parallel case held that "money paid under a mistake of fact may be recovered back, but not so if paid under a misapprehension as to what the law really is." In this same case the court held that failure to have the proper deduction made in the payment of its taxes was clearly a mistake of fact, caused by forgetfulness, and that the claimant therein was entitled to an award for the amount over paid and claimed as refund.

We have considered all the law cited by the counsel of the respective parties, and without attempting to enter into an elaborate discussion of the law, we are of the opinion that the over payment in the case at bar was a mistake of fact and that the claimant is entitled to an award for the amount claimed. And we further find that said claim is equitable and that in equity and good conscience it should be paid. We accordingly award the claimant the sum of $289.30.